### PEOPLE v. WRIGHT.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

1. INDICTMENT AND INFORMATION (§ 119*)—UNNECESSARY MATTER.

As the County Court has jurisdiction of a prosecution for grand larceny in the second degree, an indictment for that offense is not vitiated by the fact that it also sets forth substantially the same facts in such a manner as to constitute a lesser offense.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 119.*]

2. LARCENY (§ 65*)—SUFFICIENCY OF EVIDENCE.

Evidence *held* to sustain a conviction of grand larceny in the second degree in taking oysters from an oyster bed.

[Ed. Note.—For other cases, see Larceny, Dec. Dig. § 65.*]

3. WITNESSES (§ 277*)—CROSS-EXAMINATION IN CRIMINAL PROSECUTION.

Where defendant testified in his own behalf that he had never been convicted of anything other than intoxication, it was not improper to ask him on cross-examination if his wife had ever had him arrested.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 925, 979–984; Dec. Dig. § 277.*]

4. WITNESSES (§ 277*)—CROSS-EXAMINATION OF ACCUSED.

The extent of cross-examination of defendant in a criminal prosecution is within the discretion of the trial court, subject only to the limitation that it must relate to matters pertinent to the issue, or to specific acts which tend to discredit him as a witness, or impeach his moral character.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 925, 979–984; Dec. Dig. § 277.*]

5. CRIMINAL LAW (§ 814*)—TRIAL—REFUSING INSTRUCTIONS.

In a prosecution for the larceny of oysters from the bed, it was proper to refuse, as irrelevant to the issues, an instruction that "any oyster ground planted without written authority from the town board is not a legally planted oyster bed."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1979–1987; Dec. Dig. § 814.*]

6. CRIMINAL LAW (§ 814*)—TRIAL—REFUSING INSTRUCTIONS.

In a prosecution for larceny, a requested instruction that "the indictment should be based on evidence which removes all reasonable doubt" was properly refused as irrelevant to the issues.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1979–1987; Dec. Dig. § 814.*]

7. CRIMINAL LAW (§ 814*)—TRIAL—INSTRUCTIONS AS TO CHARACTER—APPLICATION TO CASE.

A requested instruction that "the evidence of defendant's previous good character in and of itself raises a question of reasonable doubt" was properly refused, where defendant had offered no evidence as to his character.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1839; Dec. Dig. § 814.*]

Appeal from Nassau County Court.

Valentine Wright was convicted of grand larceny in the second degree, and appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

H. Willard Griffiths, for appellant.
Franklin A. Coles, for the People.

WOODWARD, J.   The defendant was charged by indictment with grand larceny in the second degree; the facts constituting the crime being alleged to be the taking of about 50 bushels of oysters from the beds of one Henry F. Johnson in the town of Hempstead, Nassau county.   The same facts were, in substance, set forth in a second count under the provisions of section 279 of the Code of Criminal Procedure, and constituting a lesser crime as defined by subdivision eight, § 640, Pen. Code.   The defendant demurred to the indictment on the grounds that the facts charged did not constitute a crime, and, upon this demurrer being overruled, went to trial; the jury finding a verdict of guilty under the first count of the indictment.   We think the demurrer was properly overruled.   The County Court certainly had jurisdiction of the crime of grand larceny in the second degree, and the fact that the indictment set forth substantially the same facts in such a manner as to constitute a lesser offense does not vitiate the indictment as for grand larceny in the second degree, and that is all that is now before this court.   We are of the opinion that the evidence supports the verdict of the jury; that it shows that the defendant was engaged in taking oysters from the bed of Johnson; that there were at least 50 bushels of such oysters in his possession when discovered; and that these oysters were worth $1.25 per bushel, and that they were taken under such circumstances as to justify the jury in finding that they were taken feloniously.   While there was a decided conflict of evidence, it was for the jury to say whether they were convinced by the evidence beyond a reasonable doubt, and the evidence was sufficient for that result.

It is urged that the court erred in permitting the district attorney on cross-examination of the defendant to ask, "Did your wife have you arrested?"   The witness had been asked, without objection, if he had ever been convicted of a crime, etc.   On redirect he had stated in answer to his counsel that he had never been convicted of anything else than being intoxicated.   Upon recross-examination he said he was not convicted for striking his wife.   The question was then asked: "For an assault committed upon your wife?"   This was objected to, no ground being given, and the defendant was permitted to answer, the defendant excepting.   He answered "I got ten days once.   My wife did not have me arrested.   A neighbor did."   We are of the opinion that the defendant, by bringing out the statement that the defendant had never been convicted of anything other than intoxication, opened the door to the question asked by the district attorney.   It went to his credibility as a witness, and he had taken the stand as a witness in his own behalf.   As a general rule, the range and extent of such an examination is within the discretion of the trial judge, subject, however, to the limitation that it must relate to matters pertinent to the issue, or to specific facts which tend to discredit the witness or impeach his moral character.   People ex rel. v. Oyer & Term. County of New York, 83 N. Y. 437, 460, and authorities there cited.   When the witness had testified that he was never convicted for anything

other than being drunk, it was important, as showing his credibility, to ask whether he had, in fact, been convicted of other offenses, and a reading of the record shows that the witness could not have been prejudiced by what occurred. There was no abuse of the discretion.

There was no error in the court refusing to charge "that any oyster ground planted without written authority from the town board is not a legally planted oyster bed." This rule, at most, only applies to those town boards which under their original charters had the right of fishery in adjacent waters. Oysters planted in waters outside of such townships do not require the consent of town boards. But the question presented here was purely abstract. It was in evidence, and there was no dispute, that Johnson had a license from the town board. There was some evidence which indicated that Johnson might be occupying more territory than his license called for, but this was not affected by the request to charge, and there was no issue of whether Johnson had a license or not. That was conclusively established, and the court had so charged.

We have examined the alleged errors on the part of the court without finding them. The request to charge that "the indictment should be based on evidence which removes all reasonable doubt" had nothing to do with the trial of the facts in this case. What should move a grand jury to act was not before the court. Likewise the request to charge that "evidence of defendant's previous good character in and of itself raises a question of reasonable doubt, no matter how strong the evidence against him may be," had nothing to do with this case, for the reason that the defendant offered no such evidence. People v. Brasch, 193 N. Y. 46, 66, 85 N. E. 809, and authority there cited. The court had correctly charged the law as to reasonable doubt, and the modification of defendant's request to charge was proper.

The judgment appealed from should be affirmed. All concur.